UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ROBERT E. MURPHY,

                                              Plaintiff,

      -against-

CAROLYN W. COLVIN,

                                              Defendant.
-----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
15-CV-6453 (JMA)

FILED
CLERK
1:19 pm, Dec 02, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Presently before the Court is the motion of Plaintiff's counsel, Christopher James Bowes, for approval of attorney's fees of $40,000 pursuant to 42 U.S.C. § 406(b). For the reasons set forth below, the motion is granted in part and denied in part, and the Court awards Mr. Bowes attorney's fees in the amount of $24,080.

Section 406(b) of the Social Security Act provides that, after a judgment favorable to a claimant, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The Second Circuit has held that a court's determination of whether fees requested under § 406(b) are reasonable should "begin with the agreement, and [that] the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). Courts weigh three factors when assessing the reasonableness of a fee agreement: (1) "whether the contingency percentage is within the 25 [percent] cap," (2) "whether there has been fraud or overreaching in making the agreement, and (3) "whether the requested amount is so large as to be a windfall to the attorney." Id. at 372. Bowes' proposed fee of $40,000 is less than 25 percent of the total benefits award, and there is no allegation of fraud.

However, the attorney's fee amount requested amount would result in a de facto hourly rate of $1,162.79 ($40,000 divided by 34.4 hours). The Court finds that such an amount would result in an unjustified windfall for the Plaintiff's counsel. "Courts in this Circuit have found that a rate above $700 per hour in Social Security cases is an unreasonable fee for Bowes' services." Smolka v. Berryhill, No. 18-CV-00121, 2021 WL 3054962, at *1 (E.D.N.Y. July 20, 2021) (citing Davis v. Berryhill, No. 17-CV-4883, 2021 WL 1428577, at *1 (E.D.N.Y. Apr. 15, 2021) (citing recent caselaw that "suggests that Bowes commands a fee of $700 per hour"); Garmendiz v. Saul, No. 17-CV-662 , 2021 WL 847999, at *2 (S.D.N.Y. Mar. 5, 2021) (reducing Bowes' hourly rate from $1,446.56 to $500) (collecting cases); Morris v. Saul, No. 17-CV-259, 2019 WL 2619334, at *3 (E.D.N.Y. June 26, 2019) (finding that an hourly rate of $923.07 "greatly exceed[s] Bowes's standard rate")). The Court follows other district courts in this Circuit and finds that an hourly rate of $700 is appropriate. See Davis, 2021 WL 1428577, at *1; Smolka, 2021 WL 3054962, at *1.

For the reasons explained above, Bowes' motion for attorney's fees is granted in part, for the amount of $24,080.00. Upon receipt of this sum, Bowes is ordered to promptly refund the previously awarded Equal Access to Justice Act ("EAJA") fees of $6,000.00 directly to Plaintiff.

**SO ORDERED.**

Dated:  December 2, 2021
Central Islip, New York

                                                    /s/   (JMA)
                                                 JOAN M. AZRACK
                                                 UNITED STATES DISTRICT JUDGE